GENERAL WINE COMPANY *vs.* MARY DEL NIGRO.

JANUARY 22, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Flynn, C. J. This is an action in assumpsit brought to recover the amount due for certain liquors alleged to have been sold and delivered by the plaintiff to the defendant. The case was tried before a justice of the superior court, sitting without a jury, and a decision was rendered for the defendant. The case is before us upon the plaintiff's bill of exceptions to that decision and to certain rulings during the course of the trial.

The following important facts, among others, appear from the evidence. The plaintiff corporation was holder of a wholesaler's liquor license under general laws 1938, chapter 163, § 3. The defendant Mary Del Nigro was the record holder of a retailer's class B license under that statute for the sale of liquors on the premises located at "585 Killingly Street, Johnston, R. I.", which she also owned. On April 6, 1938, the defendant leased these premises to Clarence V. and Flora C. Baker, husband and

wife, who took possession thereof under that lease, which was unrecorded, and conducted the tavern or victualling business of the "Killingly Inn", so-called. On July 8, upon a bill of complaint brought by Flora C. Baker against her husband, a decree was entered in the superior court, dissolving the alleged partnership between them, appointing a permanent receiver, and authorizing him to conduct the business of the "Killingly Inn", and enjoining creditors and others from prosecuting claims or otherwise interfering with that business or the premises, until further order of the court. Between July 8 and November 1, 1938, the business was, in fact, conducted by that receiver.

From May 6 to November 1, the class B liquor license issued by the town council of Johnston to the defendant, as above described, was hanging on the wall of the Killingly Inn. On May 6, prior to the Baker receivership, plaintiff made its first delivery of liquors to the "Killingly Inn". This order was taken from one Di Nardo, whom the salesman had concluded was the manager, and payment therefor was collected on May 18 from Di Nardo by the same salesman. Regular visits were made thereafter by the salesman, but no further orders were taken or delivered by the plaintiff until the following September.

Between September 1 and November 1, several orders for liquor for the "Killingly Inn" were taken by the plaintiff, some by telephone without identifying the person who gave the orders, and others by solicitation of Di Nardo by the same salesman. All of these orders were shipped and delivered by the plaintiff to the "Killingly Inn, 585 Killingly Road, Johnston", and were charged by plaintiff on an account card to "Killingly Inn 585 Killingly Road Johnston ND". The defendant's name does not appear on that card in the space reserved for the customer's "name"; but it is written only across the upper right-hand corner as "Licensee Mary Delnegro". None of these last

deliveries were paid for and they alone are involved in this action.

The plaintiff contends that the trial justice erred in refusing to exclude all evidence of the Baker receivership proceedings and decree, because the superior court had no jurisdiction to entertain the bill or to enter the decree therein, since the alleged trading partnership of Flora C. Baker and her husband was contrary to § 9, chap. 417, G. L. 1938; and secondly, that the decision for the defendant is erroneous because it is based largely upon the operating effect of such proceeding and decree, whereas they should have no legal effect; and further because the defendant gave Di Nardo apparent authority to buy liquors for her account. The plaintiff also argues that the defendant, by her conduct, should be estopped now to deny the agency of Di Nardo and liability for his acts.

There is some question whether, in the circumstances here, the plaintiff may attack collaterally the decree of the superior court in the Baker receivership proceedings; and whether, as defendant contends, the superior court was without jurisdiction in that proceeding or merely in error in the exercise thereof. However, even if we assume the correctness of the plaintiff's contention and accordingly exclude all such evidence from our consideration, it does not follow necessarily that the decision of the trial justice was erroneous.

In order to recover in this case the plaintiff was required to prove first a compliance with the provision of chap. 163, § 3, G. L. 1938, which prescribes the only persons to whom a licensed wholesaler *may* legally sell liquors; and secondly, that it *actually sold* these liquors to such a person or her authorized agent; or at least that these deliveries were made by plaintiff in reliance upon circumstances that would make the defendant liable therefor on the basis of ratification or estoppel.

From the evidence, the plaintiff apparently checked with the state administrative authorities to determine the validity of the defendant's license and her right to order and receive liquors for resale on those premises. But that was not enough to establish Di Nardo's agency or to warrant recovery. The plaintiff had to prove also that the defendant, at least through her agent, contracted with the plaintiff for delivery of the liquors in question, unless she was liable under principles of ratification or estoppel. Whether the defendant did so contract must be determined according to the established principles and requirements of law, other than chap. 163. In our opinion the evidence in the instant case does not fulfill these requirements.

The defendant admittedly never personally ordered any liquors of the plaintiff, and none were ever so delivered or billed to her. Moreover, there is no evidence that she ever gave express authority to Di Nardo or any person to order any liquors in her behalf, and there is none from which such authority may reasonably be implied. It is either admitted or not denied that the defendant never conducted the business of the Killingly Inn and never lived on those premises. No liquors were delivered by the plaintiff to the premises with her knowledge, and no bill therefor was ever sent to her or came to her attention. In fact, the plaintiff's salesman, upon whose evidence it largely relies, admitted that he had never seen the defendant before she was in court.

It is admitted that some of the orders were telephoned to the plaintiff and there is no identification of the person who ordered them. Di Nardo, whom the plaintiff believed or *concluded* was the manager of the "Killingly Inn", never testified, and there is no evidence that he ever had bought or was then buying liquors for the defendant. The plaintiff, without ever seeing or hearing from the defendant, was content to do business with one who neither

knew nor worked for her; and it never brought to her attention, directly or indirectly, any of these transactions, or bills therefor, or the payment for the May delivery. Upon such evidence, the plaintiff has failed to prove actual or apparent authority in Di Nardo to bind the defendant for the liquors that plaintiff delivered and charged to the Killingly Inn.

The plaintiff's chief contention seems to be that the continued presence of defendant's license on the premises, of itself, established apparent authority in Di Nardo to purchase liquors for defendant's account, and also estopped her from denying such authority or the liability for these purchases. General laws 1938, chap. 163, § 3, authorizes a licensed wholesaler "to sell beverages . . . to another *license holder . . . .*" (italics ours) It does not authorize such wholesaler to sell to any *place,* merely because a license may be hanging on the wall. The plaintiff did not rely upon any acts of Di Nardo as the purported agent for defendant, but apparently accepted him rather as the agent for the "Killingly Inn", which defendant never operated. In the circumstances of this case, the mere presence of the defendant's license, without anything more to connect her with any of these transactions, does not prove apparent authority in Di Nardo to buy liquors for her account; nor is it such evidence as would in law estop her from denying that authority and the liability for his purchases.

From a consideration of all the evidence, excluding that relating to the Baker receivership proceedings and decree, we are of the opinion that the plaintiff has failed to prove any actual or apparent authority in Di Nardo to buy the liquors in question for the defendant's account, or to prove that defendant was liable therefor upon the basis of ratification or of estoppel. Upon such a view of the case,

the allowance in evidence of the Baker receivership pro-ceedings and decree, if error, becomes harmless.

The exceptions of the plaintiff, therefore, are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Martin M. Zucker,* for plaintiff.

*Angelo A. Caldarone, Aram A. Arabian,* for defendant.